UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**Ellen Lipton Hollander**
District Court Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0742

February 19, 2014

MEMORANDUM TO COUNSEL

Re:   *Malibu Media, LLC v. John Doe*
      Civil Action No: 13-cv-03015

Dear Counsel:

This case concerns the alleged infringement of plaintiff's copyrights on adult pornographic films. The John Doe defendant in the suit has been identified only by his or her Internet Protocol address ("IP Address").

On October 11, 2013, plaintiff ("Malibu") filed a Motion to Expedite Discovery, which sought an order permitting plaintiff to issue a subpoena on the Doe defendant's internet service provider ("ISP") to obtain the Doe defendant's identifying information. ECF 4. On October 16, 2013, the Court issued an Order granting plaintiff's motion, with several conditions. ("Order," ECF 6). Specifially, the Order set forth a detailed process by which plaintiff could obtain identifying information about the Doe defendant without unnecessarily compromising the Doe defendant's privacy or creating the risk of abusive settlement negotiations. *See id.* Among other things, the Order directed that the Doe defendant's identifying information, if obtained from the ISP, be kept confidential and not be disclosed in any public court filings. *Id.* The Order also requires a court order for any discovery or settlement negotiations, although it does permit a one-hour deposition of the Doe defendant. *Id.*

On November 22, 2013, the Doe defendant filed a "Motion to Quash Subpoena," in which the defendant moved to quash the subpoena that had been issued to his or her ISP, and also requested permission to proceed anonymously. ("Motion," ECF 7). Malibu filed a response in opposition on December 11, 2013. ECF 12.

Although the Motion is titled as a "Motion to Quash Subpoena," defendant offers no substantive argument to support the request to quash the subpoena. *See* Fed. R. Civ. P. 45(c)(3) (providing grounds upon which a court must quash a subpoena). Accordingly, the motion to quash the subpoena will be denied.

As to the request to proceed anonymously, defendant claims that, "if this information [as to identity] is released to Plaintiff, there is a high and unjustified risk that it will be leaked to the public, resulting in extreme personal embarrassment and public humiliation to Defendant." Motion at 3. However, the Order established safeguards and procedures to protect defendant's identity. *See* ECF 6. In particular, the Order provides that Malibu may not disclose the information it receives from defendant's ISP "to any person not directly involved as an attorney

in representing Malibu in this copyright infringement action," and that any amended complaint filed by Malibu "naming an individual defendant shall be filed so that the name and any specifically identifying information is redacted from the publically available court docket . . . ." *Id.* at 4–5.

Defendant offers no basis for the Court to conclude that Malibu will defy the Court's Order, which is enforceable by an action for contempt. Accordingly, I am satisfied that the Order provides defendant with sufficient protection from any unwarranted public disclosure of his identity. Therefore, I will deny defendant's request to proceed anonymously.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

                         Sincerely,

                         /s/
                         Ellen Lipton Hollander
                         United States District Judge